### TESTIMONY BY A DEVISEE IN A WILL CONTEST.

Common Pleas Court of Licking County.

JOSEPH B. WILSON V. FRANK WILSON ET AL.

Decided, April Term, 1908.

*Wills—Action to Contest—Charge of Court as to Preponderance of Evidence and Prima Facie Case—Admission of Deeds in Evidence —Failure to Prove Execution of Deed—Right of Devisee to Testify —Section 5242-8.*

1. Deeds executed by a testator may be admitted in evidence in an action to set aside his will, where the purpose is to throw light on the mental capacity of the testator by showing his method of transacting business and the nature of the business transacted by him at about the time of the making of the will.
2. A plaintiff in a will contest, although a son of the testator and a devisee under the will, is a competent witness to testify to acts of the testator and the manner in which those acts were performed.

*Kibler & Montgomery*, for plaintiff.
*A. A. Stasel* and *Flory & Flory*, contra.

SEWARD, J. (orally).

This case is submitted to the court upon a motion for a new trial. It is an action brought to contest the will of James P. Wilson. It was tried to a jury, and resulted in a verdict setting aside the will of James P. Wilson. The charges made in the petition are undue influence and mental incapacity. The grounds of the motion for a new trial are, first, for errors in the charge; second, error in the exclusion of a deed, which was offered in evidence, and was excluded because it was not shown to have been executed by James P. Wilson; third. for permitting the plaintiff to testify as to the mental capacity of the testator.

Several deeds were permitted to go to the jury, simply for the purpose of showing that James P. Wilson had been transacting business, and the nature of the business; what he did at that time, and how the business was transacted. What he did

might reflect upon his mental capacity, and the court permitted his acts to go to the jury for that purpose alone. One deed to a man named Stare, I believe, was offered in evidence. Objection was raised to the introduction of that deed; in fact, objections to all of these deeds were made, first, for reasons that they were incompetent in any view of the case. The court did not think that was so. It thought the deeds were competent, to show the nature of the business he was transacting, and how he transacted it; whether as a sane and mentally capacitated man would transact such business or not. Objection was made to the last deed, because it was not shown that it was executed by James P. Wilson. The record of that deed was introduced in evidence, and it is claimed now, and I think well claimed, that, if there is a record of the deed, duly recorded in the recorder's office, proof of its execution is not necessary; and while the court thinks that, possibly, there was an error in refusing to permit the deed to go in evidence, still the testimony was purely cumulative. Several other deeds were introduced in evidence, to the same import, and for the same purpose, and the court thinks the testimony was purely cumulative; and it does not think the verdict ought to be set aside for that reason.

As to the first ground of error, the charge of the court, it is claimed that the court should have charged the jury that they must not only find by a preponderance of the evidence, but that there must be sufficient evidence introduced to overcome the *prima facie* case made by the introduction of the will and its probate. And the Supreme Court has so held. They so held in a case recently, reported on May 18. This is the case of *Anne S. Hall* v. *Charles F. G. Hall*. There is no complaint but what the court stated the law properly as far as it went, but it is claimed that it should have gone further, and stated that there must not only be a preponderance of the evidence, but sufficient evidence to overcome the *prima facie* case made by the introduction of the probate of the will. This is the entry of the Supreme Court:

"This cause came on to be heard upon the transcript of the record of the Circuit Court of Hamilton County, and was

argued by counsel. On consideration whereof it is ordered and adjudged by this court that the judgment of the said circuit court be and the same is hereby reversed, for the reason that the charge to the jury is misleading and erroneous, in that it nowhere distinctly states nor sufficiently emphasizes that the order of probate of the will, by the probate court, raises a presumption that the will so probated is the valid will and testament of Mercy A. Hall; that the court did not clearly explain to the jury the legal effect of the provision of the statute, 'that the order of probate shall be *prima facie* evidence of due attestation, execution and validity of the will or codicil.' "

It is claimed that the court did not do that in this case. That the jury was not instructed, as they should have been instructed, that the order of probate of the will raises a presumption that the will so probated is the valid will and testament of James P. Wilson.

Now, let us see about that. I think the court gave that in that exact language, or with a slight variation. The court said to the jury, before the argument:

"Capacity to make a will requires that James P. Wilson, at the time the will was made, possessed sufficient mind to know and understand what he was doing, and sufficient mental capacity to know and understand the nature and extent of his property, and the persons who would naturally be the objects of his bounty, and that he was able to keep those things in mind long enough to form a rational judgment in regard to them."

It was given after the argument, too:

"You are instructed that the order of the probate of this will is *prima facie* evidence of the due attestation, execution and validity of such will, and before the jury is entitled to return a verdict setting aside the will, they must be able to find that the evidence adduced by the plaintiff outweighs both the evidence adduced by the defendants and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of James P. Wilson."

So, that identical proposition went to the jury before the argument, and went to them, in their retirement, in writing.

Now, as to the question of permitting Joseph B. Wilson, the plaintiff, who was interested as a legatee, to testify as to the

mental capacity of his father, the testator. It is claimed that the court erred in permitting him to testify as to his condition. The court is cited to Thompson's Ohio Trial Evidence, Section 1115, in which it is said:

"The adjudicated cases differ upon the rule as to the admissibility of declarations of a devisee or legatee as to the mental incapacity of the testator, where such declarations may affect others not in privity with such devisee or legatee. In speaking of the rule as to the admissibility of declarations made by one of several parties to the record, Mr. Greenleaf says: 'Nor are the admissions of one of several devisees or legatees admissible to impeach the validity of a will, where they may affect others not in privity with him.'

"The judge of a common pleas court in the case stating the rule from Mr. Greenleaf further said: 'I think an examination of the most carefully considered cases will show that the declarations of a devisee or legatee in disparagement of the testator's capacity—not made in the presence of other devisees and legatees who are interested in sustaining the will, nor in the presence of the testator—can not be offered by the party seeking to set aside the will in an action to try its validity; nor will the fact that the declarations were made in the lifetime of the testator by a member of his family, who is a party defendant, make any difference.' "

I am also cited to the 13th Ohio State, 356, which is to the same effect:

"On the trial of an issue in a proceeding under the statute, to contest the validity of a will, declarations in reference to the mental capacity of the testator, of a legatee, or devisee who is a party defendant to the proceeding, are not admissible in evidence to impeach the will, where there are other devisees or legatees whose interests may be injuriously affected by the admissions of such evidence."

In both of these cases, in Thompson's Trial Evidence, and in the 13th Ohio State Reports, they attempted to prove declarations made by the party on the witness stand—a declaration that he had made before as to the mental capacity of the testator. Now, the court thinks there is a distinction between a declaration and the testimony of a witness given on the stand.

Section 5242-8. "Nothing in this section contained shall apply to actions for causing· death, or actions or proceedings involving the validity of a deed, will, or codicil; and when a case is plainly within the reason and spirit of the last three sections, though not within the strict letter, their principles shall be applied."

So, there is an exception there, and a party may testify concerning a deed, will or codicil.

But we are not without some authority on that proposition. The case of *Wolf et al* v. *Powner, Excrs., et al*, 30 O. S., 472, was not cited by counsel on either side. In that case the Supreme Court has construed Section 342, which was originally Section 313. It was a contest of a will.

"Section 313 of the code of civil procedure, as amended May 2, 1871 (68 O. L., 127; 3ʹ Sayler, 2531; Section 5242, Rev. Stat.), did not make the husband of an heir, who was joined with her as a plaintiff, in an issue of *devisavit vel non*, incompetent as a witness for the contestants."

Now, while the Supreme Court decides this case on the ground that the husband, who was called as a witness to testify, was not a real party in interest, and therefore not incompetent to be a witness in the case, the Supreme Court go further in relation to the matter. It was Louis Wolf who was called. In deciding the case, Scott, J., says:

"Had Louis Wolf been an interested heir, and as such been a party plaintiff, his right to testify would have been unquestionable, by the very words of the proviso. Neither his interest as a party, or otherwise, would have rendered him incompetent. But it is said he was not an heir, and had no direct interest in the issue on trial. To which we answer, *a fortiori*, he might testify. The Legislature has guarded against an erroneous construction of which it was thought the language might be susceptible, but did not think it necessary to go further, and guard against a construction every way unreasonable. Having said the section should not be so construed as to prevent parties most deeply and directly interested in the issue from testifying, it was not thought necessary to guard against a construction which would exclude witnesses who might have a remote or contingent interest, or no interest whatever in the controversy, if they should happen to be made parties on the record.

"Speaking for myself alone, I should be very strongly inclined to hold, that even if no such proviso were found in this section, it would be a perversion of its purpose to apply its inhibition to any party to an issue of *devisavit vel non*. The reason and policy of the section are obvious. The persons entitled to claim its protection are an actual executor or administrator of a deceased person, or the actual heir, grantee, or devisee of a deceased person, who is claiming, or defending against a claim made against him, as such."

To the same effect is the 1st C. C. Rep., page 16; at the bottom of page 17, and the top of page 18. This was an action brought against a trustee under a will:

"An objection, therefore, interposed to a competent witness, before he testifies at all, is premature, and is properly overruled by the court. The party desiring to object must wait and see what it is proposed the witness shall say, and if it is not allowable for him to testify as to such matters, the objection can then properly be made. But in a case like the one at bar, as we understand it, the section referred to, in effect, provides that parties to the action shall stand on the same footing as other witnesses. It states expressly that the provisions of the section shall not apply to actions or proceedings involving the validity of a deed or will, and such we think is this case. This construction was put upon this statute by the district court of Green county, some years ago, and exception having been taken to the ruling, the Supreme Court either refused leave to file a petition in error, or affirmed the judgment without reporting the case fully."

So that the court thinks that the plaintiff in the case, although a legatee or devisee under the will, was a competent witness to testify to acts of his father, and as to his mental capacity, as based upon what he saw his father do, and how he saw him act. And while the court does not agree with the jury in this case—the court would have found a different verdict from what the jury did—it is not in the province of the court to set aside the verdict unless there has intervened error which was prejudicial.

The court does not think any such error intervened. I am free to say that I do not agree with the jury in their finding in the case; but that is neither here nor there.